<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 11, 2022

Sherry Scalercio-Isenberg
6 Crownview Court
Sparta, NJ 07871
*Pro Se Plaintiff*

Jared Brown, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
*Counsel for Defendant*

Casey Green, Esq.
Sidkoff Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
*Counsel for Defendant*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:**   *Scalercio-Isenberg v. TransUnion, LLC*, Civ. No. 20-11222 (SDW) (AME)

Litigants:

Before this Court is TransUnion LLC's ("TransUnion" or "Defendant") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Sherry Scalercio-Isenberg ("Plaintiff") is proceeding *pro se* and filed the instant lawsuit on August 19, 2020, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New Jersey Consumer Fraud Act ("NJCFA"),

N.J.S.A. § 56:8-2 *et seq.* (*See* D.E. 1 ("Compl.") at 3–6.)[1] Following discovery, Defendant requested leave to file a motion for summary judgment. (D.E. 33.) Defendant submitted a Statement of Material Facts ("SMF") in support of its request and Plaintiff filed a Response in Opposition to the SMF. (D.E. 33-1, 36.) Record citations in this opinion generally refer to Defendant's SMF, Plaintiff's Response in Opposition, and the record citations contained therein.[2]

Plaintiff claims that her creditor Select Portfolio Servicing, Inc. ("SPS") fraudulently put her payments in an unapplied account and illegally increased her fees. (*See* SMF ¶¶ 1, 2, 34.) On June 18, 2020, Plaintiff sent an email to Defendant, a credit reporting agency, disputing the accuracy of the late payments being reported in connection with the SPS account and claiming that SPS was illegally furnishing false information to Defendant in an attempt to obtain additional fees from Plaintiff. (*See id.* ¶¶ 1, 2.) Defendant investigated the claims (the "Dispute") and deleted the SPS account from Plaintiff's credit report on June 24, 2020. (*See id.* ¶ 9.)

Plaintiff also claims that the CEO of her creditor Citizens Financial Group ("Citizens") stole her payments, diverted them into his personal account, and illegally increased her fees. (*See* SMF ¶¶ 1, 2, 34; Compl. at 7.) Plaintiff admits that she did not pay the increased fees. (*See* SMF ¶ 2.) Defendant did not report a Citizens account on Plaintiff's credit report and Plaintiff never disputed such an account. (*See id.* ¶¶ 6, 15, 16.) On July 29, 2021, during her deposition, Plaintiff claimed that the Charter One account on her credit report was a fraudulent Citizens account. (*Id.* ¶ 38.) However, Plaintiff never disputed the Charter One account with Defendant. (*Id.* ¶ 16.)

On October 19, 2021, District Judge John M. Vazquez granted Defendant's request for leave to file a Motion for Summary Judgment. (D.E. 37.) Defendant filed the instant motion on December 3, 2021, and the parties timely completed briefing. (D.E. 41, 42, 43.) On April 12, 2022, Chief Judge Freda L. Wolfson reassigned the case to this Court. (D.E. 48.)

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[1] The Complaint does not contain paragraph numbers, so this opinion cites to page numbers. It also asserts Counts "I" and "III" (Plaintiff's FCRA and NJCFA claims, respectively), but omits a Count "II." (*See* Compl. at 3–6.)

[2] In particular, this Court relies on the SMF's citations to the Declaration of Donald Wagner, a specialist in Defendant's Litigation Support department, and the exhibits attached to that declaration. (D.E. 41-2.)

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof[,]" then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002).

## III.  DISCUSSION

As an initial matter, this Court notes that Plaintiff has presented no evidence in support of her NJCFA claim. The NJCFA prohibits fraudulent conduct "in connection with the sale or advertisement of any merchandise or real estate" or "subsequent performance." N.J.S.A. § 56:8-2. Plaintiff's opposition brief disputes Defendant's assertion that she has abandoned her NJCFA claim, but it does not point to any evidence that Defendant sold or advertised merchandise or real estate or that Defendant made a misrepresentation with respect to its own subsequent performance. (*See* D.E. 42 at 10–11.) The NJCFA claim will therefore be dismissed.

The FCRA was enacted "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quotation omitted). The law places duties on two types of entities: (1) credit reporting agencies ("CRAs"), such as Defendant, and (2) "furnishers of information," such as SPS, Citizens, and Charter One, which "report[] information relevant to a consumer's credit rating" to CRAs. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010) (citations omitted). Plaintiff appears to allege that Defendant violated two sections of the FCRA: 15 U.S.C. § 1681e(b), which requires CRAs to "follow reasonable procedures to assure maximum possible accuracy" of consumer information when providing a consumer report to a

third-party, and 15 U.S.C. § 1681i(a)(1)(A), which requires CRAs to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate," in response to a consumer's dispute. (*See* Compl. at 3–4.)

To establish a § 1681e(b) or § 1681i(a) claim under the FCRA, Plaintiff must, *inter alia*, identify an inaccuracy in Defendant's reporting. *See Berkery v. Equifax Info. Servs. LLC*, Civ. No. 18-3417, 2019 WL 1958567, at *3 (E.D. Pa. May 2, 2019). Here, SPS and Charter One (or Citizens) claimed that Plaintiff owed additional amounts under the terms of their contracts with Plaintiff and Plaintiff admitted that she did not pay these additional amounts because she disagreed that she owed them. (*See* SMF ¶ 2.) Thus, when Defendant reported the SPS and Charter One accounts as delinquent, the reports were accurate because Plaintiff "was, in fact, delinquent." *Berkery*, 2019 WL 1958567, at *3.

Even if Plaintiff could demonstrate that these creditors' actions were illegal and that Defendant's reporting was inaccurate, Plaintiff has failed to show that Defendant improperly relied on these creditors' reporting. The FCRA "does not hold a [CRA] responsible where an item of information that it receives from a source that it reasonably believes to be reputable appears credible on its face . . . ." *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 618 (E.D. Pa. 2008) (quotation omitted). Plaintiff asserts that a "[r]easonable person" would have known that these creditors were unreliable because "two Class Action lawsuits have been filed against the Furnisher with allegations of Defrauding Customers." (D.E. 42 at 12.) However, the mere existence of prior lawsuits is insufficient to put Defendant on notice that a furnisher of information is unreliable. *See Krajewski*, 557 F. Supp. 2d at 616–17 (holding that a CRA is not on notice of a furnisher's unreliability when the purported notice requires the CRA "to decide legal disputes").

Plaintiff's claims against Defendant are really collateral attacks on the legal validity of the underlying debts, which a CRA is not required to resolve. *See Serfess v. Equifax Credit Info. Servs.*, Civ. No. 13-406, 2014 WL 4272032, at *8 (D.N.J. Aug. 28, 2014) (holding that "a credit reporting agency is not required to referee a dispute between a consumer and lender"); *Denan v. Trans Union, LLC*, Civ. No. 18-5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) ("Until a formal adjudication invalidates the plaintiffs' loans, they cannot sue credit bureaus under the FCRA because they cannot allege factual inaccuracies in their credit reports."), *aff'd*, 959 F.3d 290 (7th Cir. 2020). In this case, Plaintiff contends that Defendant's reporting of SPS and Citizens is inaccurate because the delinquencies were a result of those creditors stealing her payments, putting them in unapplied or personal accounts, and fraudulently adding fees. (*See* SMF ¶¶ 1, 2, 34; Compl. at 7.) This is not the type of dispute that Defendant is required to resolve (or can resolve) through a reinvestigation. (*See* SMF ¶ 37); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 69 (1st Cir. 2008) ("A credit reporting agency has no duty, as a part of its reinvestigation, to go behind public records to check for accuracy or completeness when a consumer is essentially collaterally attacking the underlying credit information." (quotation omitted)); *Nnebe v. Bank of Am.*, Civ. No. 08-05045, 2010 WL 11668060, at *3 (D.N.J. Feb. 17, 2010) ("Experian and Trans Union . . . were under no duty outside their regular investigatory procedures to research the accuracy and completeness of the information received . . . . [N]o reasonable investigation by Experian and Trans Union would have allowed them to discover the error.").

Even assuming that Plaintiff's Dispute could be resolved by Defendant, Plaintiff fails to show that Defendant did not properly resolve her Dispute following reinvestigation. Critically, she does not point to any evidence of incorrect information that remained on her TransUnion credit report following her notice of dispute and Defendant's reinvestigation. Plaintiff attaches several exhibits to her Complaint, opposition brief, and Response in Opposition to Defendant's SMF, but these exhibits fail to meet her evidentiary burden. (*See* D.E. 1, 36, 42.) Noticeably absent from these exhibits are (1) any records of disputes that Plaintiff submitted to Defendant prior to June 2020, and (2) authentic TransUnion credit reports listing SPS, Citizens, or Charter One accounts, either before or after a notice of dispute. In fact, Plaintiff only includes one (partial) TransUnion credit report, dated August 26, 2021, and this report does not list any of the relevant accounts. (D.E. 42-4.)

Plaintiff's remaining exhibits consist of (1) credit alerts and summaries that do not appear to be credit reports created by Defendant, (D.E. 1-3, 1-5, 36-1, 36-3, 42-2); (2) a denial of credit by EnerBankUSA that does not explain its reasoning but refers to TransUnion, (D.E. 1-4, 36-4, 42-1); (3) an email from Quicken Loans dated months before Plaintiff's Dispute with Defendant, advising her to resolve the Citizens account on her credit report before continuing with the loan application process, (D.E. 1-6, 36-5); (4) Plaintiff's emails to Defendant's CEO in June and July 2020, (D.E. 1-7), (5) a complaint filed by another plaintiff against TransUnion and others in the District of Arizona, (D.E. 1-8); (6) a Department of Justice press release regarding the sentencing of David Lavine, the acting president of CFG Community Bank from March 2010 to January 2011, (D.E. 36-2); (7) an organization chart of unknown origin that purports to connect Citizens and Charter One, (D.E. 36-6); and (8) an informational letter from Wells Fargo that is not a denial of credit, (D.E. 42-3). To the extent that these exhibits are even relevant, they do not present any genuine issues of material fact as to whether Defendant violated § 1681e(b) or § 1681i. Plaintiff's FCRA claim will therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.