<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHERRY SCALERCIO-ISENBERG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>　　　　　Defendant. | Civil Action No. 20-11222 (SDW) (AME)<br><br>**WHEREAS OPINION & ORDER**<br><br>April 22, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Sherry Scalercio-Isenberg's ("Plaintiff") Motion for Recusal and Motion for Recusal and to Vacate (D.E. 60 & 61, respectively ("Motions")). This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motions are **DENIED**; and

**WHEREAS** district courts are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455 when considering a motion for recusal. *Farzan v. Nationstar Mortg. LLC*, No. 23-2424, 2023 WL 8437233, at *2 (D.N.J. Dec. 5, 2023). Under 28 U.S.C. § 144, upon the filing of a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice" against the party filing the affidavit, a judge must recuse himself or herself. When a timely affidavit is filed under Section 144, the district court must accept the factual allegations as true. *See United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989); and

1

**WHEREAS** pursuant to 28 U.S.C. § 455(a), a judge must recuse from "any proceeding in which his impartiality might reasonably be questioned." Generally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Subsection 455(a) "require[s] the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such intensity as to make a fair trial impossible." *Farzan*, 2023 WL 8437233, at *3 (quoting *Lease v. Fishel*, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010)); and

**WHEREAS** Plaintiff has not filed an affidavit comporting with Section 144, which is sufficient to deny her Motions. Even if Plaintiff had filed a timely and conforming affidavit, the Motions before this Court do not present adequate grounds meriting the undersigned's recusal. Plaintiff's Motions take issue with this Court's prior rulings and fail to point to extrajudicial sources of bias; and

**WHEREA**S Plaintiff's Motions present no articulable reason for the undersigned's recusal or to vacate the July 11, 2022 decision; therefore

**IT IS**, on this 22nd day of April, 2026,

**ORDERED** that Plaintiff's Motions are **DENIED** and this case shall remain closed.

**SO ORDERED.**

          /s/ Susan D. Wigenton
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Parties
   André M. Espinosa, U.S.M.J.